## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDOULAYE BARRY, | : | No. 3:26cv151 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, LSCI-ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

............................................................................................................

### MEMORANDUM

Petitioner Abdoulaye Barry ("Barry") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Barry asserts that the

Federal Bureau of Prisons ("BOP") improperly denied him placement in

prerelease, improperly implemented the Institution Hearing Program ("IHP")[1], and

has violated the Second Chance Act.[2]  (Id.).  The petition is ripe for disposition

and, for the reasons set forth below, the court will dismiss the habeas petition.

---

[1] U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 5111.04, Institution Hearing Program (May 23, 2017), https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited March 25, 2026).

[2] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 697 ("Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, went into effect.  The Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of prerelease placement in a Residential Reentry Center from 6 to 12 months.  18 U.S.C. §§ 3624(c)(1), (c)(6)(C).

## I.    **Background**

### A.    Barry's Criminal History

On February 10, 2023, following a jury trial in the United States District Court for the Northern District of Georgia, Barry was found guilty of access device fraud, conspiracy to commit access device fraud, and aggravated identity theft.  See United States v. Barry, No. 1:21-cr-385 (N.D. Ga.), Doc. 194.  On June 21, 2023, Barry was sentenced to a 69-month term of imprisonment.  See id., Doc. 234.  According to documentation submitted by respondent, Barry's current projected release date is January 1, 2027.  (Doc. 9-3, Public Information Inmate Data).

### B.    Facts Related to the Second Chance Act

On October 1, 2025, Barry's Unit Team conducted an Individualized Needs Plan-Program Review.  (Doc. 9-2, Declaration of BOP Case Manager Marissa Stauffer ("Stauffer Decl.") at 3 ¶ 7; Doc. 9-5, Individualized Needs Plan-Program Review).  The Unit Team reviewed Barry for prerelease placement under the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624.  (Id.).  The Unit Team considered and evaluated the five factors as follows: (1) facility resources: "[Residential Reentry Centers ("RRCs")] have limited bed space availability & must be used judiciously to provide re-entry services to as many [inmates] as poss[ible]"; (2) offense: access device fraud,

2

aggravated identity theft; (3) prisoner: average programming, clear conduct; (4)
court statement: no recommendations regarding RRC consideration; and (5)
sentencing commission: U.S. Sentencing Commission has not issued any policy
statements related to BOP prerelease RRC procedure.  (Doc. 9-5, at 4; see also
18 U.S.C. 3621(b)).  The Unit Team noted that Barry is a participant in the IHP,
has pending unresolved charges, and has a public safety factor of deportable
alien.  (Doc. 9-5, at 4).  As a result of the review, the Unit Team determined that
Barry did not qualify for prerelease placement under the Second Chance Act due
to his pending unresolved charges, his status as an Institution Hearing Program
participant, and his public safety factor of deportable alien.  (Doc. 9-2, Stauffer
Decl. at 3 ¶¶ 8-9; Doc. 9-5).

Pursuant to BOP Program Statement 5111.04, inmates designated as
participating in the IHP cannot be transferred to RRC placement or home
confinement until their hearing is complete.  (Doc. 9-2, Stauffer Decl. at 3 ¶ 8).
Additionally, in accordance with BOP Program Statement 7310.04, "[i]nmates
with unresolved pending charges, or detainers, which will likely lead to arrest,
conviction, or confinement[,]" shall not ordinarily participate in community
corrections programs.  See U.S. Department of Justice, Federal Bureau of
Prisons, Program Statement 7310.04, Community Corrections Center ("CCC")

3

Utilization and Transfer Procedures (Dec. 16, 1998), at 11,

https://www.bop.gov/policy/progstat/7310_004.pdf (last visited March 25, 2026).

> C.    Claims Raised in the Habeas Petition

In his Section 2241 petition, Barry alleges that the BOP improperly denied

him placement in prerelease custody, improperly implemented the IHP, and

violated the Second Chance Act.  (Doc. 1).  Respondent contends that the

Section 2241 petition must be dismissed because the court lacks jurisdiction to

hear Barry's prerelease custody claim.  (Doc. 9).  Alternatively, respondent

argues that the petition must be denied because the BOP properly considered

Barry for prerelease custody under the five factors of subsection 3621(b), the

decision to deny him a prerelease custody placement based on his IHP

participant status is consistent with BOP policy, and Barry has no entitlement to

prerelease placement.  (Id.).

## II.    Discussion

> A.    Barry's Claim is not Cognizable under Section 2241

Barry is challenging the BOP's alleged failure to designate him to an RRC

and the BOP's policy that excludes IFP participants from eligibility for prerelease

custody.  (Doc. 1; Doc. 10, at 2-3).  However, this Section 2241 challenge, which

implicates the execution of his sentence (i.e., where the remainder of his

sentence is served), is not cognizable on habeas review.

4

The core of habeas corpus usually involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences in a petition under 28 U.S.C. § 2241. See Woodall, 432 F.3d at 241-44. The Woodall Court acknowledged that "the precise meaning of 'execution of the sentence' is hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Court of Appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges. In Cardona, the Third Circuit considered whether a claim challenging the BOP's decision to transfer the petitioner to the Special Management Unit—a highly restrictive form of confinement—was cognizable in a Section 2241 habeas petition as a claim challenging the execution of the petitioner's sentence. Cardona, 681 F.3d at 535-37. The court summarized two earlier Third Circuit cases that analyzed what claims could be brought to challenge the execution of a sentence under Section 2241—Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). The court reasoned that the claims at issue in Woodall and McGee were cognizable because they "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."

5

Cardona, 681 F.3d at 536. "That is, both petitions claimed that the BOP was not properly 'put[ting] into effect or carry[ing] out' the directives of the sentencing judgment." Id. (quoting Woodall, 432 F.3d at 243). The court in Cardona thus held, "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. Because the petitioner's claim did not argue that such an inconsistency was present, the court found that he was not properly challenging the "execution" of his sentence and held that it was not a cognizable Section 2241 habeas claim. Id. at 537, 538.

Similarly, Barry has not alleged that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence. Barry's sentencing judgment does not address or discuss prerelease custody. See Barry, No. 1:21-cr-385, Doc. 234. Accordingly, Barry's habeas petition does not properly challenge the "execution" of his sentence and this court lacks jurisdiction over his claim. See Cardona, 681 F.3d at 537, 538. As such, the Section 2241 petition must be dismissed.[3]

---

[3] Barry argues that this court has jurisdiction to consider his petition, and relies on Al Haj v. LSCI-Allenwood Warden, No. 1:24cv1193, 2025 WL 1115751 (M.D. Pa. Apr. 15, 2025) (Neary, J.). (Doc. 1, at 1; Doc. 10, at 10-11). In Al Haj, the court held that it had jurisdiction because Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005), and Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012), "expressly held…that challenges to the BOP's denial of a transfer to prerelease custody are cognizable in Section 2241 habeas

B.    Merits of the Petition

Assuming that this court has jurisdiction over Barry's claim, the petition fails on the merits.

Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621.  Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP.  18 U.S.C. § 3624(c)(4).  When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;

---

corpus proceedings." Al Haj, 2025 WL 1115751, at *2.  The court's decision in Al Haj differs from decisions by other courts in this district, which have generally relied on Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), to conclude that district courts lack jurisdiction over challenges to BOP denials of transfers to prerelease custody.  See Miles v. Arviza, No. 3:24cv2252, 2025 WL 981870, at *2-5 (M.D. Pa. Apr. 1, 2025); Torres-Benitez v. Warden, FPC-Schuylkill, No. 3:25cv1357, 2025 WL 2550864 (M.D. Pa. Sep. 4, 2025); Diarra v. Greene, No. 3:25cv964, 2025 WL 2997031 (M.D. Pa. Oct. 24, 2025); Demos Watkins v. Warden of FCI-Lewisburg, No. 1:26cv138, 2026 WL 192486, at *4 (M.D. Pa. Jan. 26, 2026).  This court continues to find that Cardona is the controlling precedent on the jurisdictional question and that the court thus lacks jurisdiction based on Cardona.

7

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); Woodall, 432 F.3d at 247.

The record in this case clearly establishes that Barry's Unit Team gave him individualized consideration consistent with the five factors of § 3621(b) and did not categorically exclude him from prerelease placement. (Doc. 9-5). Specifically, the Unit Team considered and evaluated the five factors as follows: (1) facility resources: "RRCs have limited bed space availability & must be used judiciously to provide re-entry services to as many [inmates] as poss[ible]"; (2) offense: access device fraud, aggravated identity theft; (3) prisoner: average programming, clear conduct; (4) court statement: no recommendations regarding RRC consideration; and (5) sentencing commission: U.S. Sentencing Commission has not issued any policy statements related to BOP prerelease RRC procedure. (Doc. 9-5, at 4). The Unit Team also found that Barry does not qualify for prerelease placement under the Second Chance Act due to his status as an Institution Hearing Program participant, his pending unresolved charges, and his public safety factor assignment of deportable alien. (Id.).

8

Barry's purported disagreement with the BOP's recommendation does not establish a constitutional violation, as nothing in § 3642 or § 3621(b) entitles an inmate to any guaranteed placement in an RRC.  See Woodall, 432 F.3d at 244-51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); see also Beckley v. Miner, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").

## III.    **Conclusion**

Consistent with the foregoing, the court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  An appropriate order shall issue.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Dated:     March 25, 2026**

9